IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY SMITH COSTELLO and DAWN M. GREATHOUSE, *individually and on behalf of all others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 18-CV-1765-SMY<br>) |
| COMMERCE BANK, | )<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Emily Smith Costello and Dawn M. Greathouse, who are Illinois citizens, filed this purported class action alleging that Commerce Bank violated Missouri law by compounding interest charges on credit card balances. Commerce Bank seeks to stay this litigation pending the outcome of Missouri state court litigation entitled *Melissa R. Johnson v. Commerce Bank*, No. 1722-CC00593 ("Missouri case"). This matter is now before the Court for consideration of Defendant Commerce Bank's Motion to Stay (Doc. 29), Plaintiff's Motion for Leave to Supplement in Opposition to Defendant Commerce Bank's Motion to Stay (Doc. 37), and related filings (Docs. 34, 35, 38, and 45).

A federal court has an obligation to exercise jurisdiction in cases that are properly before it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, in exceptional circumstances, a court "should stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 817).

"Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). If the cases are parallel, the Court must next "balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure." *Finova*, 180 F.3d at 898-899. Factors include: "(1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim." *Id*.

Here, the issue in both cases is identical: whether Commerce Bank's interest charges violate the same Missouri law. Thus, there is a "substantial likelihood" that resolution of the issue in the Missouri case will dispose of the claims in this case. *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). Moreover, abstention appears warranted because the Missouri case was filed first, the decision in both cases will turn on Missouri state law, a decision of the Missouri courts would inform this Court's proceedings, this matter is at a relatively early stage as a scheduling order has not been entered, and there is no federal question involved in this lawsuit. And, Missouri has a substantial interest in determining the meaning of its own laws.

Plaintiffs argue that a stay pending outcome in the Missouri case is not necessary because on August 20, 2018, the Missouri Circuit Court denied Commerce Bank's motion for summary judgment on the basis of a questions of fact as to whether the bank received permission from Missouri agencies to charge compound interest and whether the cardholder agreements called for

compound interest (Doc. 34-1). Additionally, after Commerce Bank provided evidence that Missouri Agencies had permitted it to charge compound interest, the Circuit Court denied Commerce Bank's renewed motion for summary judgment, finding the bank failed to show that cardholders actually agreed to compounded interest (Doc. 44-1). In doing so, the Court noted that Missouri law allowed Commerce Bank to follow Nebraska law that permitted it to charge compound interest. *Id*. at p. 8. Commerce Bank has now filed an additional motion for summary judgment which is pending in the state court proceeding, arguing the cardholders agreed to the compound interest (Doc. 45). Thus, Commerce Bank asserts that the only issue before the state courts is one of contract interpretation.

Notwithstanding Plaintiffs' arguments, the Court finds that abstention is warranted in this case. The Missouri case and this case are parallel even though the class of plaintiffs are different. The Missouri case was filed first and involves the same Missouri law and cardholder agreements at issue in this case. The Missouri case also appears to be reaching a conclusion in light of the narrow issue that is before the court. A brief stay of this matter, in which there is no scheduling order, will not prejudice Plaintiffs.

Accordingly, the Motion to Supplement is **GRANTED** (Doc. 37), Defendant's Motion to Stay is **GRANTED** (Doc. 29), and all proceedings in this case are **STAYED** for a period of 90 days. **On or before two weeks prior to the end of the 90-day period, Defendant shall file a status report advising the Court of the progress of the Missouri case.**

IT IS SO ORDERED.

DATED: February 21, 2020

**STACI M. YANDLE
United States District Judge**